## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **DEBORAH LAUFER,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Case No. 1:20-cv-00620-JRN** |
| | § | |
| **MANN HOSPITALITY, LLC** | § | |
| *Defendant.* | § | |

### DEFENDANT MANN HOSPITALITY, LLC'S MOTION TO DISMISS PLAINTIFF DEBORAH LAUFER'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Defendant Mann Hospitality, LLC (hereinafter referred to as "Defendant" or "Mann Hospitality") in the above-entitled and numbered cause, and files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) the Complaint (ECF No.1] (the "Complaint") filed by Plaintiff Deborah Laufer (hereinafter referred to as "Plaintiff" or "Laufer") and in support thereof respectfully shows the Court as follows:

### I.      INTRODUCTION

1.      Plaintiff, a resident of Florida, is a serial litigant and self-described "ADA tester" and claims that she is vision impaired and unable to engage in the major life activity of walking more than a few steps without assistive devices. See Complaint at ¶¶ 1-2.

2.      Plaintiff has filed over one-hundred similar actions in this District alone, making identical claims about the alleged inaccessibility of websites operated in connection with various recreational and retail establishments, restaurants, bed and breakfasts, hotels, condo associations, and rental agencies. She has filed countless similar lawsuits against other hotels, and each of these complaints contain the exact same vague allegations concerning the purported inaccessibility of each website. *See* PACER Search Results, dated August 20, 2020, a copy of which is attached as **Exhibit 1**.This search reveals 439 results (as of the date of this filing) and only a small number of these cases do not appear to seek relief under Title III, on the basis of alleged website inaccessibility. Defendant requests this Court to take judicial notice of the number of cases filed

by Plaintiff against similarly situated defendants. In deciding a Rule 12(b)(6) motion to dismiss, the Court may consider matters of which it may take judicial notice. *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017–18 (5th Cir.1996); *see* Fed. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding."). Federal Rule of Evidence 201 permits courts to take judicial notice of an "adjudicative fact" if the fact "is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." *Taylor v. Charter Med. Corp.,* 162 F.3d 827, 829 (5th Cir.1998). Accordingly, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir.2007). Furthermore, "a court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings" *SB Int'l, Inc. v. P.R. Jindal,* No. 3:06–cv–1174–G, 2007 WL 1411042, at *1 (N.D.Tex. May 14, 2007) (quoting *Taylor,* 162 F.3d at 829).

3.      Courts around the country have started to catch onto this scheme and have begun issuing sua sponte orders demanding that Plaintiff and her attorneys file briefs to support that she has actual standing to pursue an ADA claim against a hotel that she never had any intent to visit. For example, in the Northern District of New York, Judge Sannes issued an order dated May 7, 2020. *See* **Exhibit 2** requiring Plaintiff to submit a brief in each of the 29 New York actions explaining why the complaint should not be dismissed for lack of subject matter jurisdiction.

4.      Also, courts in the Western District of Texas are of the opinion that a similar course of action is warranted with respect to Plaintiff's cases pending before the Waco Division. At present, Plaintiff has filed over 22 similar cases in the Western District of Texas. In this district, Magistrate Judge Manske issued a similar order on May 19, 2020 for the Waco Division. (Western District of Texas (Waco Division) Case 6:20-cv-00391-ADA-JCM). *See* **Exhibit 3**. For the same reasons as courts have now begun to issue sua sponte orders to show cause why Plaintiff's many

lawsuits should not be dismissed for lack of standing. Defendant in this case moves for the Court to dismiss this case pursuant to Rule 12(b)(1) and Rule 12(b)(6).

5.      Plaintiff's routine use of "cookie-cutter" complaints is, unfortunately unsurprising, as companies like Defendant are currently facing an explosion of lawsuits – all filed on behalf of a limited number of visually impaired plaintiffs represented by an even smaller group of plaintiffs' attorneys – attacking the accessibility of their websites under Title III. This trend is merely the next wave of ADA "drive-by" litigation, a phenomenon primarily "driven by economics – that is, the economics of attorney's fees." *Rodriguez v. Investco, LLC*, 305 F. Supp. 2d 1278, 1282 (M.D. Fla. 2004); *see also Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 557 (2007) (explaining that Rule 8's plausibility standard is necessary "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value" (internal quotation marks and citation omitted)). And, in fact, each of the other lawsuits that Plaintiff has filed against other hotels and condominium associations resulted in a quick settlement and dismissal after filing. Regardless of its motives, Plaintiff's Complaint must be dismissed for a variety of distinct legal reasons.

6.      First, Plaintiff's vague allegations do not plausibly allege inaccessibility, fail to put Defendant on notice of her specific claims against the Company, and therefore must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Second, since Plaintiff has failed to plead the essential elements of her Title III claim (including, importantly, that she was *denied access* to a *physical* place of public accommodation), this claim must also be dismissed for failure to state an actionable claim for relief under the ADA. Third, because Plaintiff has failed to sufficiently allege that she suffered a real injury-in-fact or is likely to suffer any additional injury in the future, she has failed to sufficiently demonstrate that she has standing to bring a claim under Title III against Defendant.

7.      Plaintiff's Complaint complains about Expedia, Hotels.com, Orbitz, and Agoda's

websites. *See* Complaint at ¶¶ 9-14.   Ironically, Plaintiff even fails to allege that any of the mentioned websites are owned or controlled by Defendant (which they are not). There is no allegation that Defendant's facility or its own website is not compliant with the ADA. In fact, Defendant does not own, operate, maintain, or is it liable for the content on third-party websites.

8.      Sometime prior to the commencement of this lawsuit, Plaintiff alleges to have visited the third-party websites on four separate occasions to review and assess the features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e). See Complaint at ¶ 10. While Plaintiff does not allege with any sort of meaningful specificity what elements or features of the websites she found inaccessible, she claims that she was "unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). Moreover, she claims that by denying her the ability to view the third party websites, she was "deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public." *Id.* at ¶ 10.  Of note, Plaintiff never alleges she ever visited Defendant nor alleges she ever intends to visit. She only asserts that she is an advocate of the rights of similarly situated disabled persons and is a "tester" (the term "tester" is undefined) for asserting her civil rights and monitoring public accommodations. *Id.* at ¶ 1.

9.      Missing from the Complaint, however, is any concrete allegation of standing by Plaintiff. Plaintiff is a resident of Pasco County, Florida. *Id*. Defendant operates Sunset Inn in Caldwell, Texas (the "Motel") *Id.* at ¶ 3. Plaintiff does not allege that she has ever travelled to Caldwell, Texas, has any reason to travel to Caldwell, Texas, or ever intends in the future to travel to Caldwell, Texas. The physical property is located in this district, however, Plaintiff has not suffered any injury and injuries were purely speculative; Plaintiff did not perform any hands-on inspection, did not speak to a manager or ask a manager questions, did not execute any contract in this district, state that Plaintiff was present in this district, or that any substantial part of the events

giving rise to the claim occurred in this district. Accordingly, Plaintiff does not allege a sufficiently concrete injury to support constitutional standing.

10.     Based on the foregoing reasons, set forth in greater detail below, Defendant respectfully submits the Court dismiss Plaintiff's Complaint with prejudice.

## I.     STANDARD OF REVIEW

11.     To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.* ; see also *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("'naked assertions' devoid of 'further factual enhancement,'" along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth); *Escuadra v. Geovera Specialty Ins. Co.*, No. 1:09-CV-974, 2010 WL 3633009, at *6 (E.D. Tex. Sept. 9, 2010) (noting that dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. "In keeping with these principles,

a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

12.    The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory, or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996). Conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.,* 336 F.3d 375, 379 (5th Cir.2003).

13.    Furthermore, "standing is a required element of subject matter jurisdiction and is therefore properly challenged on a 12(b)(1) motion to dismiss." *SR Partners Hulen, LLC v. JP Morgan Chase Bank, Nat. Ass'n*, No. 3:10-CV-437-B, 2011 WL 2923971, *3 (N.D. Tex. July 21, 2011) (citing *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989)); *see also Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (recognizing standing is also required to obtain injunctive relief). The party seeking to invoke subject-matter jurisdiction bears the burden of demonstrating its existence. *Spokeo v. Robins,* -- U.S. --, 136 S. Ct. 1540, 1547 (2016); *Renne v. Geary*, 501 U.S. 312, 316 (1991) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and exercise the court's remedial powers.") (internal quotations omitted)).

14.    To show Article III standing, Plaintiff has the burden of proving: (1) that he suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). An "injury in fact" is a harm that is "concrete and particularized"

and "actual or imminent." *Id.* at 560 (internal quotation marks and citations omitted). Plaintiff must allege sufficient facts demonstrating that she "sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct and [that] the injury or threat of injury [is] both real and immediate." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal quotation marks and citations omitted). Further, "because injunctions regulate future conduct, a party seeking injunctive relief must allege . . . a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Wooden v. Bd. of Regents Univ. Sys. of Georgia*, 247 F.3d 1262, 1284 (11th Cir. 2001).

### III.   ARGUMENT & AUTHORITIES

**A. Plaintiff Fails to Provide Sufficient Notice of Her Claims and Does Not Include Plausible Allegations of Inaccessibility.**

15.     As an initial matter, Plaintiff's Complaint is impermissibly vague and conclusory. It fails to include sufficient "factual enhancement" in support of its conclusory allegations to plausibly state a claim against Defendant, and as a result Defendant is not sufficiently on notice of Plaintiff's claims. Plaintiff claims that the websites at issue infringe on Plaintiff's right to travel free of discrimination and deprive her of the information required to make meaningful choices for travel. *See* Complaint at ¶ 10.

16.     "Anyone reading the Complaint would also be left in the dark as to the barriers she encountered, as [Plaintiff] does not include that information." *Kennedy v. Paniccia-Indialantic, LLC*, No. 616-cv-2208ORL31DCI, 2017 WL 5178182, at *4 (M.D. Fla. Nov. 8, 2017) (dismissing Title III complaint for failure to state claim). Instead, the "Complaint – which is substantially similar to complaints filed by [Plaintiff] in [hundreds] of cases – does not contain sufficient facts to 'raise a right to relief above a speculative level' and thereby satisfy Rule 8. *Id.* "It is essentially nothing more than a placeholder. It does not provide fair notice to the Defendant as to Plaintiff's claim, and its consideration wastes the time of the parties, and this Court." *Id*

17.     Based on the language of the Complaint, Defendant is not on notice of what elements of the third-party websites Plaintiff allegedly found inaccessible other than a brief list of items Plaintiff could not find on the website. Therefore, Defendant is unable to conduct any sort of investigation into her claims or specifically respond to her allegations. And because Plaintiff makes only conclusory allegations of inaccessibility – indeed, so conclusory that she has made identical allegations against numerous other hotels and condominium associations – they do not plausibly state a claim of wrongdoing by Defendant. For this reason, the Complaint must be dismissed.

**B. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted Under Title III of the ADA.**

18.     In the Complaint, Plaintiff fails to identify any specific cause of action, identify what the causes of action against Defendant are, and fails to provide any indication to what counts are being pled against the Defendant in this matter. The only indication Plaintiff is attempting to assert a cause of action is in the initial paragraph, where Plaintiff attempts to assert a claim under the ADA. Plaintiff then peppers the remainder of the Complaint with vague and conclusory assertions of improper conduct allegedly related to the third-party websites in question. However, Plaintiff fails to provide sufficient ultimate facts with respect to Defendant's purported wrongful conduct to satisfy this Court's fact-pleading standard. *See Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp.*, 527 So. 2d 211, 212 (Fla. 3d DCA 1987), *remanded on other grounds*, 537 So. 2d 561 (Fla. 1988) (holding that a plaintiff must plead more than the "naked legal conclusion that the defendant was negligent"); *Maiden v. Carter*, 234 So. 2d 168, 169-70 (Fla. 1st DCA 1970)(upholding dismissal in fraudulent transfer case where the complaint was "silent with respect to the nature or value of the assets received by defendant, the time they were received, from whom they were received, or the circumstances surrounding their receipt").

19.     Further, not only are Plaintiff's claims impermissibly vague, but they also fail to state an actionable claim for relief under Title III. In order to state a claim under Title III, a plaintiff must allege: (1) that she is disabled within the meaning of the ADA; (2) that the defendant owns, leases, or operates a place of public accommodation to which the plaintiff has sought access; and (3) that the defendant has failed to provide the plaintiff equal access to the goods or services provided at such place of public accommodation. *See Schiavo ex rel Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165 (M.D. Fla.), *aff'd sub nom.*, 403 F.3d 1289 (11th Cir. 2005).

20.     While Plaintiff alleges that she has a disability under the ADA, she has failed to plead facts sufficient to establish the second and third elements of her Title III claim. As a result, the Complaint must be dismissed for failure to state a claim.

**C. Plaintiff Fails to Allege That She Sought Access to a Place of Public Accommodation Owned or Operated by Defendant.**

21.     The allegations in the Complaint focus solely on the accessibility of third-party websites; at no point does Plaintiff claim that she has ever actually sought access to the physical Defendant's location. This in mind, because the ADA governs "solely access to physical, concrete places of public accommodation," Plaintiff has not adequately alleged that she sought access to a *place* of public accommodation owned or operated by Defendant. *Access Now, Inc. v. Sw. Airlines, Co.*, 227 F. Supp. 2d 1312, 1318 (S.D. Fla. 2002), *appeal dismissed,* 385 F.3d 1324 (11th Cir. 2004). Title III applies only to those who operate a *place* of public accommodation. The Fifth Circuit has held that Title III's reach is limited to a physical space or brick-and-mortar building. In *Magee v. Coca-Cola Refreshments USA, Inc.*, 833 F.3d 530, 534 (5th Cir. 2016), the Fifth Circuit refused to extend Title III's reach beyond brick-and-mortar buildings to vending machines. The Court noted that the Department of Justice's regulations define "place of public accommodation" to mean "a facility operated by a private entity whose operations affect commerce and fall within at least one" of twelve enumerated categories that are substantially the same as those contained in 42 U.S.C. § 12181(7). *See* 28 C.F.R. § 36.104. The Court held that

every type of public accommodation listed in § 12181(7) "is a physical place open to public access . . . where goods or services are open to the public, and places where the public gets those goods or services." *Magee,* 833 F.3d at 534 (internal quotations omitted). The legislative history of § 12181(7) indicates that the list of places of public accommodation contained in the statute was intended to be "exhaustive," but liberally-construed. H.R. Rep. 101-485 (II), 100, 1990 U.S.C.C.A.N. 303, 383; *see also Magee*, 833 F.3d at 535-36.

22.     The plaintiff in *Magee* argued that vending machines qualified as "other sales or rental establishments" under § 12181(7)(E). *Id.* at 534-35. In determining that they were not, the court invoked the principle of *ejusdem generis*: "when a general word or phrase follows a list of specifics, the general word or phrase will be interpreted to include only items of the same class as those listed." *Magee*, 833 F.3d at 534 (internal quotations omitted). The court concluded that vending machines were not akin to the categories of brick-and-mortar places of public accommodation listed in § 12181(7), even when the statute is construed liberally. *Id.* at 536. The court therefore held that while the "vending machines may very well be subject to various requirements under the ADA by virtue of their being located in a hospital or bus station, both of which are indisputably places of public accommodation," Coca-Cola was not liable because the vending machines themselves were not places of public accommodation. *See id.* at 534, 536.

23.     Following that decision, at least one court in this district has refused to extend Title III to websites, even if the owner of the website is itself a place of public accommodation. *Zaid v. Smart Fin. Credit Union*, No. CV H-18-1130, 2019 WL 314732, at *5–6 (S.D. Tex. Jan. 24, 2019) (Lake, J.). In doing so, Judge Lake rejected the plaintiff's claims that websites could be regulated as "other service establishments" that qualified as places of public accommodation under the ADA. In doing so, the Court applied the same logic as *Magee*: websites are not places of public accommodation as required under the statute for Title III to apply. The Court held:

SFCU's website does not have a distinct physical place of business. While websites may be affiliated with brick-and-mortar businesses that are places of public accommodation, that does not render the businesses' websites themselves places of public accommodation.

*Id.* at *6.

25.     Similarly, in this case, Plaintiff does not allege any non-compliance with the Motel's facilities, but only with its website. However, the third-party websites does not have a distinct physical place of business.

26.     Furthermore, the plain language of Title III and the DOJ's implementing regulations clearly limit the term "place of public accommodation" to physical facilities. The regulations issued by the Department of Justice (the "DOJ") to implement Title III reinforce that places of public accommodation must be physical in nature. The regulations define the term "place of public accommodation" as "a facility," which is further defined as "all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located." 28 C.F.R. § 36.104. This language makes clear that places of public accommodation are only those spaces accessible at a specific physical location.

27.     Plaintiff's Title III claims based upon alleged inaccessibility of such websites must be dismissed. *See Kidwell v. Fla. Comm'n on Human Relations*, No. 2:16-cv-403-FTM-99- CM, 2017 WL 176897, at *5 (M.D. Fla. Jan. 17, 2017) ("Plaintiff may not claim a violation of Title III based on an internet website's accessibility. Neither of the third party online websites is a physical or public accommodation under the ADA."); *see also Cullen v. Netflix, Inc.,* 880 F. Supp. 2d 1017, 1023-24 (N.D. Cal. 2012); *Earll v. eBay, Inc.,* No. 5:11-cv-00262-JF (HRL), 2011 WL 3955485, at *2 (N.D. Cal. Sept. 7, 2011); *Ouellette v. Viacom,* No. 10-cv-133-M-DWM-JCL, 2011 WL 1882780, at *4- 5 (D. Mont. Mar. 31, 2011). *But see Nat'l Fed'n of the Blind Scribd Inc.*, 97 F.

Supp. 3d 565, 576 (D. Vt. 2015); *Nat'l Ass'n of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196, 200 (D. Mass. 2012).

28.     Because Plaintiff has only alleged that she sought access to the third party websites, which is not a place of public accommodation as clearly defined by the statute, Plaintiff has failed to state a claim under Title III.

### D. Plaintiff Fails to Plead A Sufficient Nexus Between Defendant's Website And Any Physical Location.

31.     Plaintiff has alleged no plausible nexus between any personal website owned or operated by Defendant, which in fact is nonexistent, or the third-party website's alleged inaccessibility and her ability to physically access Defendant. To this end, she does not allege that she ever attempted to visit Defendant in person; instead she simply claims that she is an advocate of the rights of similarly situated disabled persons and is a "tester" for asserting her civil rights and monitoring public accommodations. Such hypothetical, future looking plans are insufficient to survive a motion to dismiss. *See Haynes v. Pollo Operations, Inc.*, No. 17-cv-61003, 2018 WL 1523421, at *2 (S.D. Fla. Mar. 28, 2018) ("[W]hile Plaintiff repeatedly alleges that he has attempted to access and/or utilize Defendant's website, he does not allege that he ever attempted to visit any of Defendant's physical locations."); *Buchholz v. Aventura Beach Associates, Ltd.*, 17-cv-23154, 2018 WL 318476, at *3 (S.D. Fla. Jan. 4, 2018) (allegations insufficient when plaintiff failed to allege that he had attempted to access or even intended to access defendant's physical location) In fact, the Northern District recently held that a plaintiff was not even allowed to file an amended complaint due to additional facts in an amended complaint would not show a sufficient connection to the defendant or city for standing, with past visits not providing threat of future injury and reasons for him considering moving to a city not proving that the individual would in fact move. *Gil v. City of Pensacola, Florida*, 396 F. Supp. 3d 1059, 1063 (N.D. Fla. 2019).

32. This omission in mind, Plaintiff's alleged inability to learn about accessible rooms, make reservations, or learn about accessible amenities on the website has absolutely no impact on her ability to physically access and fully and equally enjoy "the goods, services, features, facilities, benefits, advantages, and accommodations" of Defendant. 42 U.S.C. § 12182; *see, e.g.*, Complaint at ¶ 9. Instead, Plaintiff's allegations stem only from the fact that she allegedly could not comprehend location and accommodation information about the hotel. Such "inaccessibility" is one of information only and bears no sufficient nexus to the accessibility of Defendant's rooms. Thus, because Plaintiff has failed to allege with particularity that the websites have in any way denied her equal access to any physical place of public accommodation, she has failed to save her Title III claim from dismissal. *See Haynes*, 2018 WL 1523421, at *3 (dismissing complaint); *Buchholz*, 2018 WL 318476, at *3; *Haynes v. Genesco, Inc.*, No. 0:17-cv-61641, slip op. at *4 (S.D. Fla. Jan. 11, 2018) (dismissing complaint); *Gomez*, , 2017 WL 1957182, at *4 (dismissing complaint); *Haynes v. Kohl's Department Stores, Inc.*, No. 0:17-cv- 61083, slip op. at *9-11 (S.D. Fla. Oct. 27, 2017) (dismissing complaint); *Haynes v. Interbond Corp. of Am.*, No. 0:17-cv- 61074, 2017 WL 4863085, at *2 (S.D. Fla. Oct. 16, 2017) (dismissing complaint).

**E. Plaintiff Lacks Standing To Bring A Claim Against Defendant.**

33. Plaintiff's injunctive claim fails because there is no currently existing violation which could be remedied through an injunction. Plaintiff is required to allege facts demonstrating that any injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). When seeking injunctive relief, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing present adverse effects." *Id.* at 564. Instead, a plaintiff seeking injunctive relief must allege an "actual or imminent" future injury. *Id.* at 565.

34. Plaintiff attempts to state an ADA violation by alleging, in conclusory fashion, that the third party websites "fail[] to comply with the requirements set forth in 28 C.F.R. Section

36302(e)" and do "not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features of the [Motel] are accessible." Complaint, ¶¶ 10-14.

35.     However, Plaintiff fails to allege what relief—e.g., what specific edits to the third party's websites—she alleges is required under the ADA or which she seeks to remedy by an injunction.

36.     In *Barnes v. Marriott Hotel Services, Inc.*, No. 15-cv-01409-HRL, 2017 WL 635474 (N.D. Cal. Feb. 16, 2017), the Northern District of California rejected a similar complaint regarding the content of a hotel booking website. There the Court noted that the plaintiff alleged that the Marriott website "does not provide sufficient detail about accessible features to allow a wheelchair user to make an independent assessment of whether these features would meet her needs." *Id.* at *9. The Court, noted, however, that the Marriott website complied with standard promulgated by the U.S. Department of Justice[1], which made clear that lodging facilities constructed after 1991, the enactment of ADA accessibility standards, are not expected to specify accessibility other than generally:

> The Department recognizes that a reservations system is not intended to be an accessibility survey. Because of the wide variation in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. **For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices).** Based on that information, many individuals with disabilities will be comfortable making reservations.

37.     DOJ, Appendix A to Part 36—Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial

---

[1] The DOJ is the agency charged with enforcing Title III and promulgating regulations implementing it. *United States v. AMC Entm't, Inc.*, 245 F. Supp. 2d 1094, 1100 (C.D. Cal. 2003).

Facilities, 28 C.F.R. § Pt. 36, App. A, p. 99 (emphasis added), available at: https://www.ada.gov/regs2010/titleIII_2010/ titleIII_2010_regulations.htm#a2010guidance (last accessed August 19, 2019);[2] *Barnes*, 2017 WL 635474 at *10. The Court noted that the Department of Justice's guidance and interpretation are entitled to deference. *See Barnes*, 2017 WL 635474 at *10 (citing *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064 (9th Cir. 2015)). Finding that the Marriott website provided the type of information described by the DOJ, the Court held that it was "not persuaded that Marriott's website violates Section 36.302(e) for any failure to identify and describe accessibility features." *Id.*

38.     Accordingly, in the light of the plain regulatory language and the Department of Justice's guidance, clearly the Motel meets the requirements under Section 36.302(e)(1)(i) and (ii). As such, there are no violations of the ADA that could be remedied through an injunction, and this case is moot. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982).

39.     Plaintiff's claims also fail because she cannot allege an injury-in-fact as required to establish standing. *See Finstad v. Fla., Dep't of Bus. & Prof'l Regulation*, No. 2:06-cv-664- FTM-29-SPC, 2007 WL 3451000, at *1 (M.D. Fla. Nov. 14, 2007), *aff'd,* 295 F. App'x 352 (11th Cir. 2008) (explaining that motions raising a lack of standing are properly brought pursuant to Rule 12(b)(1))To establish standing to bring a claim for declaratory judgment/injunctive relief, a plaintiff must allege four things: (1) that she has suffered an injury-in-fact; (2) the existence of a causal connection between the asserted injury-in-fact and the challenged action of the defendant; (3) that such injury will be redressed by a favorable decision; and (4) "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury." *See Gil*, 396 F.Supp.3d at 1061-62; *Kreisler*, 731 F. 3d at 187. *see also Ault v. Walt Disney World Co.*, No. 6:07-cv-1785-ORL-31-KRS, 2008 WL 490581, at *2 (M.D. Fla. Feb. 20, 2008) (quoting *Shotz v. Cates*, 256

---

[2] This court may take judicial notice of public documents affecting jurisdictional determinations. *Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 519 (5th Cir. 2015).

F.3d 1077, 1081 (11th Cir. 2001)) In ADA cases specifically, a plaintiff lacks standing to pursue injunctive relief unless he "alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Shotz*, 256 F.3d at 1081 (internal quotations and citation omitted); *see also Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact." (internal quotations and citation omitted)); *Access Now*, 161 F. Supp. 2d at 1364 ("Absent an allegation that he intends to return to the public accommodation, an ADA plaintiff fails to demonstrate this 'irreducible minimum' and thus lacks standing to sue…").

40.    Plaintiff has failed to allege that she suffered an injury-in-fact *or* that she is likely to suffer any injury in the immediate future. Instead, Plaintiff alleges only that she "visited the websites on four separate occasions for the purpose of reviewing and assessing the accessible features at the Motel and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs. Plaintiff does not allege that she ever attempted to visit any physical Defendant location and does not even assert that she intends to ever visit Defendant in the future. *see Kennedy v. Beachside Commercial Properties, LLC*, 732 F. App'x 817, 822 (11th Cir. 2018) (upholding Middle District's dismissal of Title III complaint on standing grounds when plaintiff lived three hours away from defendant's location and had no definitive plans to return); *Ault*, 2008 WL 490581, at *2 (holding that speculative intentions to visit place of public accommodation in future are not sufficient to give plaintiff standing to pursue Title III claim). "[N]ot only is the likelihood of future injury to [Plaintiff] speculative, but there is no allegation that she has suffered an injury in fact. Thus, [Plaintiff] does not have standing to obtain injunctive relief." *Id.* In addition, there is a lack of a causal connection between the alleged violation and the Defendant. Under the second element of the standing test in *Kreisler*, 731 F. 3d at 187. , Plaintiff's injury-in-fact must be "fairly traceable to the challenged conduct of the defendant" as formulated

in *Kreisler*, there must be "a causal connection between the injury and the defendant's conduct." *Kreisler*, 731 F. 3d at 187.

41.    In the present case, Plaintiff makes a conclusory argument that Defendant, either itself or by and through a third-party, implements, operates, controls and or maintains online third-party websites for the Motel. Complaint, ¶¶ 10-14. Plaintiff then refers to "the website for the hotel located at…" and gives the web address domain name of three different third-party sites. *Id.* These third-party domain names are not "the website for the hotel." Plaintiff does not allege any facts that tie a causal relationship between Defendant's own system for taking reservations and these third-parties, nor does Plaintiff allege any facts supporting how Defendant allegedly "implements, operates, controls and or maintains" the information provided on the third-party websites.

**E. Plaintiff Fails To Establish Her Status As A "Tester" Resulting In Lack Of Standing And Lack Of Subject Matter Jurisdiction Under The Ada.**

49.    Plaintiff's Complaint should also be dismissed because Plaintiff does not have standing to bring a claim for violation of Title III of the ADA. Individual plaintiffs, like Plaintiff, are limited to seeking injunctive relief under the ADA. 42 U.S.C. § 2000a-3. Plaintiffs who encounter barriers at public accommodations have standing to bring injunctive claims *only* if they show a plausible intention or desire to return to the place but for the barriers to access. *Deutsch v. Travis Cty. Shoe Hosp., Inc.*, No. 16-51431, 2018 WL 704131, *2-3 (5th Cir. Feb. 2, 2018); *see also Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). Indeed, intent to return to the place of injury "some day" is insufficient. *Lujan*, 504 U.S. at 564 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require") (emphasis original)); *see also Deutsch*, 2018 WL 704131 at *3. "[A]n ADA plaintiff who seeks an injunction mandating removal of architectural barriers cannot 'manufacture standing' by simply claiming that he intends to return to the defendant's establishment." *Access 4 All, Inc. v. Boardwalk Regency Corp.*, No. 08-3817,

2010 WL 4860565, *4 (D. N.J. Nov. 23, 2010). "When analyzing this likelihood of return, courts have examined such factors as: (1) the proximity of the defendant's business to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business, (3) the definitiveness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant." *Access 4 All, Inc. v. Wintergreen Commercial P'ship, Ltd.*, No. 3:05-CV-1307-G, 2005 WL 2989307, at *3 (N.D. Tex. Nov. 7, 2005); *see also Van Winkle v. Pinecroft Ctr., L.P.*, No. CV H-16-2694, 2017 WL 3648477, at *9 (S.D. Tex. Aug. 23, 2017); *Gilkerson v. Chasewood Bank*, 1 F. Supp. 3d 570, 594 (S.D. Tex. 2014). Furthermore, "past exposure to illegal conduct does not itself present a case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effect." *Lyons*, 461 U.S. at 102; *Deutsch*, 2018 WL 704131 at *3 (citing *Lujan*).

50.     Here, Plaintiff has failed to provide a description of any concrete plans to visit the Motel or the third party websites again. Plaintiff alleges he researched rooms at Motel on "third party booking websites" on four different occasions from May 18, 2020 to May 22, 2020 with the purpose of reviewing and assessing the accessible features at the [Motel] and to ascertain whether they meet the requirements of the 28 C.F.R. Section 36.302(e)." Complaint, ¶ 10. Plaintiff does not allege why she was intending to visit the hotel at all.

51.     She has not alleged how any alleged ADA violation continues to negatively affect her day to day life. Plaintiff does not allege that he has visited the website again since then. *Wintergreen Commercial P'Ship*, 2005 WL 2989307 at *8 (alleged past injury— suffered during a single visit to defendant's establishment—alone is not sufficient for Article III standing). She does not allege that she ever visited the Motel, and she does not allege any concrete plans to ever travel to Caldwell, Texas, to visit the third party websites, or to stay at Motel. *See Delil v. El Torito Restaurants, Inc.*, C-94-3900-CAL, 1997 WL 714866, at *4 (N.D. Cal. June 24, 1997) (the distance between plaintiff and defendant—over 100 miles— was one factor that supported the court's finding of no standing); *see also Deutsch v. Yu*, No. A- 16-CV-72 RP, 2016 WL 5317370,

at *4 (W.D. Tex. Sept. 21, 2016).  Finally, Plaintiff's Complaint is devoid of any facts that would suggest Plaintiff frequently travels to the Caldwell, Texas area, where the Motel is located. Plaintiff alleged visit on four occasions over the span of four days to the third-party websites does not establish a pattern of frequency. Accordingly, Plaintiff has failed to show that he faces "any real or immediate threat that [he] will be wronged again." *Deutsch*, 2018 WL 704131 at *3 (citing *Lyons*, 461 U.S. at 111).

52.     While some courts in the Western District have found "tester" plaintiffs can have standing in the ADA context, see, e.g. *Betancourt v. Ingram Park Mall, L.P.,* 735 F. Supp. 2d 587 (W.D. Tex. 2010), most courts evaluate whether future injury is probable by determining whether the plaintiff is likely to return to the defendant's business. *Deutsch v. Abijaoude,* No. A-15-CV-975 LY, 2017 WL 913813, at *2 (W.D. Tex. Mar. 7, 2017); *see also* **Exhibit 3 at 3**. "When analyzing a plaintiff's likelihood of return, courts usually consider: (1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plans to return; and (4) the plaintiff's frequency of travel near the defendant." Plaintiff's Complaint fails to sufficiently allege facts with respect to any of the factors necessary to consider Plaintiff's likelihood of return.

53.     Defendant asks the court to take judicial notice that Pasco County, Florida (Plaintiff's place of residence) and Caldwell, Texas are approximately 1,063.2 miles apart. Plaintiff has alleged no facts to support any of these factors. Establishing these factors is the Plaintiff's burden. *Ramming,* 281 F.3d at 161. Accordingly, Defendant moves to dismiss this lawsuit for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because Plaintiff has failed to demonstrate her Article III standing.

54.     Under Article III of the United States Constitution, in order for this Court to have jurisdiction over the dispute, there must be a "justiciable controversy." *Lowenstein v. Rooney,* 401 F. Supp. 952, 956 (E.D.N.Y. 1975) ("The judicial power of federal courts is limited by Article III

of the Constitution to situations where a 'case' or 'controversy' is involved. The doctrine of justiciability is utilized by the courts to define these terms."). No justiciable issue is present where the plaintiff lacks standing. *Flast v. Cohen,* 392 U.S. 83, 95 (1968). As such, this Court should dismiss her claim under Rule 12(b)(1) for lack of Article III standing.

**F.  Plaintiff Lacks Standing Because He Fails to Allege a Concrete and Particularized Harm That Could Be Cured by An Injunction.**

*55.*        In order to establish the existence of a justiciable controversy, the plaintiff must have suffered an injury-in-fact to confer standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 579 (1992). To establish constitutional standing with respect to a claim for injunctive relief, a plaintiff generally must prove: (1) an injury-in-fact, which must be (a) *concrete and particularized*, and (b) *actual or imminent*; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision. *Harty v. Spring Valley Marketplace LLC*, 2017 U.S. Dist. LEXIS 3418, 2017 WL 108062 (2d Cir. 2017). With respect to the prong of the test requiring the injury to be actual or imminent, federal courts have articulated that there must be a "real and immediate threat of future injury." *L.A. v. Lyons,* 461 U.S. 95, 102 (1983) (emphasis added). Conjectural or hypothetical allegations of injuries are insufficient to confer standing and invoke the jurisdiction of this Court. *Id.* The party invoking the federal jurisdiction of the Court bears the burden of establishing these elements. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). These elements are "not mere pleading requirements but rather an indispensable part of the plaintiff's case . . .." *Id.*

56.        To establish a "concrete and particularized" and "real and immediate threat" of future injury to obtain injunctive relief, the allegations in the Complaint must give the court sufficient assurance through factual corroboration that Plaintiff has a legitimate and probable likelihood of potentially using services of the defendant in the future. *See Feltzin v. Clocktower Plaza Props., Ltd.*, 2018 U.S. Dist. LEXIS 32686, *15 (E.D.N.Y. 2018). "'[T]he frequency of the plaintiff's past visits' and 'the proximity of the defendant's services, programs, or activities to the

plaintiff's home' along with any other factor 'relevant to the calculation' including the plaintiff's 'occupation or demonstrated travel habits,'" are among the key guideposts considered by the Court in determining whether the Plaintiff has pleaded facts that give rise to standing. See *Ortiz v. Westchester Med. Ctr. Health Care Corp.,* 2016 U.S. Dist. LEXIS 161777, *14 (S.D.N.Y. 2016) (citing *Bernstein v. City of New York,* 621 F. App'x 56, 58-59 (2d Cir. 2015); *Price v. City of Ocala,* 375 F. Supp. 3d 1264, 1269-1270, 2019 U.S. Dist. LEXIS 72822, *8 (Fla. M.D. 2019) (in evaluating standing for claims arising under Americans with Disabilities Act, court considers "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business."). Vague and bare-bones allegations that "someday" Plaintiff will have a legitimate reason or purpose to return to potentially utilize the services of a defendant are insufficient to confer standing. *Van Winkle v. Kings Mall Court LLC,* 2018 U.S. Dist. LEXIS 16395, *4-5 (N.D.N.Y. 2018) ("Given Van Winkle's relative remoteness from Kings Mall, failure to plead the frequency with which he visited Kings Mall, and mere speculation about someday returning to Kings Mall, it is unreasonable to infer that Van Winkle intends to return to the subject location.").

57.     The above-referenced tests for standing apply equally to individuals functioning as "testers"—*i.e.*, private citizens who purport to monitor the compliance of establishments with the Americans with Disabilities Act—and persons that encounter alleged violations of the Americans with Disabilities Act in the regular course of the person's activities. *See Brown v. McKinley Mall, LLC,* 2018 U.S. Dist. LEXIS 83477, *11 (W.D.N.Y. 2018) (holding that "tester" had standing under Title III of Americans with Disabilities Act where the pleadings established "plausible intent to return to the mall for personal reasons, and his desire to return to the mall as both a patron and an ADA Tester are not mutually exclusive.") (emphasis added); see also *Feltzin v. Triangle Props.*

*#1, LLC*, 2016 U.S. Dist. LEXIS 192861, *8 (S.D.N.Y. 2016) ("[T]esters are still subject to the same standing requirements as any other litigant.")

58.     Accordingly, the federal courts have frequently dismissed claims under Title III of the Americans with Disabilities Act where the plaintiff has failed to provide factual corroboration for the proposition that her injury is a real and immediate injury. See, e.g. *Van Winkle*, 2018 U.S. Dist. LEXIS 16395, *4-5; *Feltzin,* 2016 U.S. Dist. LEXIS 192861, *8. Cases involving alleged violations of Title III of the Americans with Disabilities Act that survived a motion to dismiss based on lack of standing have commonly involved plaintiffs that pleaded concrete and particularized facts establishing a probability that the plaintiff would, in fact, have a legitimate and probable purpose, intent, or need in the future to utilize services of the defendant. See, e.g., *Harty v. Spring Valley Marketplace LLC*, 2017 U.S. Dist. LEXIS 3418, 2017 WL 108062 (2d Cir. 2017). ("Based on Plaintiff's history of travel to Rockland, New York, his alleged plans to continue to return to the Marketplace, and the dates he has proffered on when he exactly plans to return, it is reasonable to infer at this stage that Plaintiff intends to return to the Marketplace in the future."); *Ross v. Royal Pizza Cafe Corp.,* 2018 U.S. Dist. LEXIS 130211, *6 (E.D.N.Y. 2018) ("Plaintiff alleges that she resides about one and a half miles from the establishment. She frequently passes and desires to enter the establishment, but as there is no access ramp, she is unable to.") (internal citations omitted)).

59.     To survive a motion to dismiss, Plaintiff must claim an actual (not hypothetical) impediment to the use of Defendant's retail location. *Gomez v. Bang & Olufsen Am., Inc.*, 2017 U.S. Dist. LEXIS 15457, *13 (S.D. Fla. Feb. 2, 2017) (website did not impede use of physical facilities). Because Plaintiff has not alleged that any specific website content interfered with her enjoyment of the Motel, here claim must be dismissed.

60.     Here, Plaintiff's Complaint establishes no good faith use of the third-party web site for the purposes of reserving hotel accommodations and, instead, alleges that her use of such web

site was purely in the capacity of a tester. There are no allegations whatsoever that Plaintiff has ever previously visited Caldwell, Texas or has any intent to do so, much less with respect to Defendant's property specifically. Plaintiff's vague allegation of simply an intent to return to the Motel's website is insufficient to demonstrate plausible intent.

61.     Furthermore, Plaintiff fails to connect the alleged ADA violations to her specific disability, and therefore has failed to plead a concrete and particularized harm. Plaintiff alleges that she is "bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hand Complaint, ¶ 1. She alleges that these impairments "substantially limit her major life activities" and is also "visually impaired" while she "primarily [relies] on a wheelchair"" *Id*. She then alleges that the third party booking website "did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features of the [Motel] are accessible." *Id*. at ¶¶ 10-14. *H*owever, she fails to identify *what* accessible features were not described and *why s*he needs those features. Without any allegation regarding the specific defect that personally prevented her from booking a motel room with the Motel, Plaintiff lacks standing to pursue her claims. Without allegations supporting a legitimate purpose for using the third-party web sites – for example, such as through facts establishing a likelihood of visiting Caldwell, Texas in the future for purposes of work or visiting relatives – Plaintiff has suffered no "real and immediate" injury sufficient to confer standing. The absence of such allegations is underscored by the fact that Plaintiff has filed more than 439 actions in various federal district courts alone alleging violations of the Americans with Disabilities Act. The information set forth in the Exhibit 1, namely the volume of actions and widespread locations of parties defendant in said actions, is relevant to the plausibility and genuineness of Plaintiff's intent to travel in general and avail herself of the services of all such parties defendant in all of the varied states, districts, and localities in which such actions have been commenced. Similarly, such information further suggests that Plaintiff's motivations for visiting the third-party web sites were not related to a legitimate and

good faith interest in potentially booking reservations at Defendant's hotel but were exclusively to "test" the web sites for compliance. Indeed, ostensibly in an effort to cure the infirmities in standing, Plaintiff pleads that she is, in part, functioning as "an advocate of the rights of similarly situated disabled persons" and that Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested. However, these statements underscore the infirmities in Plaintiff's standing as required to establish the existence of a justiciable controversy between Plaintiff and Defendant, rather than bolstering them.There are no allegations that Plaintiff has ever visited  Caldwell, Texas or Defendant's establishment specifically. Plaintiff also provides no modicum of certainty as to whether she will ever travel to the State of Texas in the future, much less detail as to when such travel is likely to occur or why such travel would be necessary or probable. Plaintiff's sole allegation regarding the timing or probability of a return to the third-party web sites involves an assertion that she intends to re-test the web sites for compliance "in the near future." See Complaint at ¶ 15. Plaintiff's Complaint in general does not contain any detail explaining where, when, or why she intends to travel to Caldwell, Texas to avail herself of Defendant's hotel, facts necessary to establish the concrete and particularized injury-in fact that is essential to her claim for alleged violation of Title III of the Americans with Disabilities Act.

62.     Plaintiff has failed to state a claim upon which relief may be granted against Defendant. Defendant asserts lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because Plaintiff has failed to demonstrate her Article III standing and failed to state an applicable claim against Defendant. As such, this Court should dismiss her claim under Rule 12(b)(1) for lack of Article III standing.

**G. PLAINTIFF'S CLAIMS ALSO FAIL BECAUSE DEFENDANT CANNOT BE HELD LIABLE FOR A THIRD-PARTY'S ACTIONS.**

63.     Plaintiff's claims should also be dismissed to the extent they are based on her use of a third party booking website, because DOJ has advised that such a claim does not exist under the

ADA and Motel cannot be held liable for an independent third party's actions over which it has no control. Plaintiff has not alleged that the "third party booking websites" are covered entities under Title III. Nor has Plaintiff alleged a basis under law extending liability to hotels for the content of websites it does not own. To the contrary, the DOJ whose views are entitled to deference and to which courts and litigants may properly resort for guidance, has "declined to extend [website requirements] to third-party reservation services." Department of Justice Title III Regulations 2010 Guidance and Section-by-Section Analysis, https://www.ada.gov/regs2010/titleIII_2010/ titleIII_2010_regulations.htm#a2010guidance. Similarly, Plaintiff does not allege that the Motel owns, leases or operates the third-party booking website she says she accessed.  As such, there is no basis to place liability on Defendant for the third-parties' websites content, and Plaintiff's claims are fatally defective. *See, e.g., Steelman v. Fla.*, No. 6:13-CV-123-ORL-36, 2013 WL 1104746, at *2 (M.D. Fla. Feb. 19, 2013), *report  and recommendation adopted*, No. 6:13-CV-123-ORL-36, 2013 WL 1104256 (M.D. Fla. Mar. 18, 2013) ("Title III allows claims only against entities that "own, lease, or operate" places of public accommodation. It does not appear to the Court that Plaintiff can state a claim under Title III of the ADA against these Defendants . . . when Plaintiff has failed to sue the actual 'owner, operator, or lessor'") (internal quotations omitted).

64.    Where Plaintiff has not alleged that Defendant owns or controls the third-party website, and where the DOJ has declined to create liability based on third party reservation services, Plaintiff's claims related to third party booking websites should be dismissed.

## IV.    CONCLUSION & PRAYER

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint with Prejudice. Defendant also requests all further relief in law or in equity to which they may show themselves to be justly entitled including a reasonable award of attorneys' fees and costs.

Date: August 19, 2020                                    Respectfully submitted,

                                                         PATEL PC

                                                         /s/ Pimal A. Patel
                                                         Pimal A. Patel
                                                         pimal@patelpc.com
                                                         Texas Bar No. 24102335
                                                         7324 Southwest Freeway, Suite 560
                                                         Houston, Texas 77074
                                                         Telephone: (713) 893-3637
                                                         Facsimile: (713) 456-2521
                                                         **ATTORNEY FOR DEFENDANT MANN HOSPITALITY, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify, that on August 20th, 2020, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas using the electronic filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the following attorney of record:

Phillip Michael Cullen III, Esq.,
621 S. Federal Highway, Suite 4
Ft. Lauderdale, Florida 33301
CULLENIII@aol.com
Telephone: (954) 462-0600
**ATTORNEY FOR PLAINTIFF
DEBORAH LAUFER**

                                                         /s/ Pimal A. Patel
                                                         Pimal A. Patel