UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DEBORAH LAUFER,** § | |
| *Plaintiff,* § | |
| § | |
| v. § | Case No. 1:20-cv-00620-JRN |
| § | |
| **MANN HOSPITALITY, LLC** § | |
| *Defendant.* § | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, Defendant Mann Hospitality, LLC (hereinafter referred to as "Defendant" or "Mann Hospitality"), and submits its Reply to Plaintiff Deborah Laufer's ("Plaintiff" or "Laufer") Response to Defendant's Motion to Dismiss, in support of which it relies upon all pleadings of record and respectfully shows the following:

### I.   ARGUMENT

1. Plaintiff is a serial Americans with Disabilities Act ("ADA") litigant, having filed several hundred lawsuits alleging numerous similar violations of the ADA under circumstances and facts similar to the case at bar. As a serial litigant, Plaintiff engages in what another District Court labeled a "type of shotgun litigation [that] undermines both the spirit and the purpose of the ADA." *Brother v. Tiger Partner, LLC*, 331 F.Supp.2d 1368, 1375 (M.D.Fla.2004).

2. Plaintiff must demonstrate that she has standing. The Third Circuit opined that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief .... [I]n order to obtain standing for prospective relief, the plaintiff must establish a real and immediate threat that he would again be [the victim of the allegedly unconstitutional practice]. *Brown v. Fauver*, 819 F.22d 395, 400 (3d Cir.1987) quoting *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974).  "Some day" intentions without any description of concrete plans or any indication beyond mere speculation on when some day will occur, does not support a finding for "actual or imminent" injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564.

3.      Plaintiff attempts to draw a distinction between physical accommodation and website accessibility cases, the latter of which, Plaintiff argues, exclusively govern this case. In this regard, Plaintiff relies on *Camacho v. Vanderbilt University*, where the Southern District of New York declined to dismiss a website accessibility case based on lack of standing because, the court held, the plaintiff alleged that he was unable to use the university's website due to screen-reader incompatibility, and as such, had demonstrated an injury in fact. *Camacho v. Vanderbilt University*, 2019 U.S. Dist. LEXIS 209202, *26 (S.D.N.Y. Dec. 4, 2019). This Court should distinguish the facts at bar from those in *Camacho*. *Camacho* centered on the inability of a blind person to use a website. Plaintiff in this case however *can* navigate and use the website. Instead, she claims the information on the third party websites is insufficient to allow her to assess her ability to visit the physical property. It is against this backdrop that this Court can conclude, as other courts have concluded, that Plaintiff's alleged injury is insufficient to establish standing. *See, e.g., Hernandez v. Ceasars License Co., LLC*, 2019 U.S. Dist. LEXIS 172456 (D.N.J. Oct. 4, 2019).

A. **<u>PLAINTIFF'S AFFIDAVIT SHOULD BE DISREGARDED</u>**.

12.     This Court should disregard Plaintiff's Affidavit (Exhibit A Dkt. # 12.1). Plaintiff uses her affidavit as a means to amend her pleadings, but this is improper. "[A] complaint cannot be modified by a party's affidavit or by papers filed in response to a dispositive motion to dismiss." *Brownstone Inv. Grp., LLC v. Levey*, 468 F. Supp. 2d 654, 660 (S.D.N.Y. 2007). Other courts have observed similarly that parties may not use statements in briefs or opposition memoranda in a motion to dismiss to amend their pleadings. *See*, e.g., *Wright v. Ernst & Young, LP*, 152 F.3d 169, 178 (2d Cir. 1998); *Jacobson v. Peat*, 445 F.Supp. 518, 526 9S.D.N.Y. 1977). Any analysis of the adequacy of Plaintiff's allegations, for purposes of Defendant's Motion to Dismiss, must be limited to the four corners of her Complaint.

13. Plaintiff also inappropriately relies upon Fed.R.Civ.P. Rule 56 as the applicable standard by stating the following in her Memorandum:

> "As Plaintiff is supplementing her response with an affidavit, this Court must apply the standards of Rule 56. Under Rule 56, A court must recount the relevant facts in the light most favorable to the non-moving party and make all justifiable inferences in her favor."

14. This is the standard used in a motion for summary judgment, and is inapplicable when evaluating a motion to dismiss. The Court's review is limited to the allegations in the Complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac–Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir.2004). Further, the Supreme Court has stated that the "[f]actual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

15. To the extent that this Court considers the Affidavit for purposes of amplification of Plaintiff's Complaint (which Defendant urges this Court not do), Defendant would simply point out this pair of sentences therein: "I have plans to travel to Texas as soon as the Covid crisis is over and it is safe to travel. I intend to travel all throughout the State, including Auston [*sic*] and the surrounding towns, including Caldwell, and I need to stay in hotels when I go." *See* Laufer Affidavit at ¶ 5. This statement is nothing but a non-descript and it is the very essence of a *Lujan* "some day" statement. *Lujan*, 504 U.S. at 564. Further, it is simply unbelievable. Plaintiff filed her Complaint on June 12, 2020. COVID-19 had already impacted the country and thus, no one in May or June was likely making travel plans for "some day," a very uncertain date, once the global pandemic recedes. It is unclear, when, if ever, Plaintiff might actually intend to travel to far away Caldwell, Texas from her home in Florida. To the extent that this Court looks at Plaintiff's statement at all, it should be with disbelief.

**B. PLAINTIFF'S FACTUAL ALLEGATIONS FAIL TO MEET THE MINIMUM REQUIREMENTS OF "FAIR NOTICE."**

16.     In Section III of her Memorandum in Opposition to Defendant's Motion to Dismiss, Plaintiff cites numerous unpublished decisions from various Federal District Courts in Florida to support the conclusion that her Complaint sufficiently pleaded facts establishing a valid cause of action. None of these cases are controlling authority for this Court in the Fifth Circuit, and Plaintiff fails to explain how the allegations in these many cases involving the same plaintiff were "virtually identical" to Plaintiff's allegations. Laufer Memo. (ECF Dkt. # 12.1) at § 3, p. 3-7. Despite Plaintiff's tenuous attempts to distinguish the case *Harty v. Nyack Motor Hotel, Inc.*, 2020 U.S. Dist. LEXIS 40429 (S.D.N.Y. 2020), it is squarely on point and requires Plaintiff to provide fair notice to Defendant as to what aspects of the third-party websites were inaccessible or non-compliant. Plaintiff failed to do so. In her Memorandum in Opposition to Defendant's Motion to Dismiss, Plaintiff continues to rely upon the bald, conclusory assertion that "the information required by the Regulation was missing." Laufer Memo. at § III, p. 6. Such assertions fail to provide fair notice of Plaintiff's claim and, accordingly, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**C. THE SAME TEST FOR STANDING APPLIES TO CLAIMS FOR PHYSICAL ACCESSIBILITY AND INTERNET ACCESSIBILITY.**

17.     Plaintiff misstates Defendant's arguments by stating that "Defendant's entire theory is based on the mistaken proposition that the plaintiff must have and will suffer injury AT the physical property." Laufer Memo. at § IV, p. 8. This is incorrect. Simply stated, Defendant's position is that the same test of a concrete and particularized injury-in-fact as required to confer standing applies equally to claims involving physical accessibility at a hotel's premises and accessibility to the reservation system for that premises. Defendant contends that, based on case law which clearly articulates the requirements of standing when seeking injunctive relief, in order

to establish a concrete and particularized injury to confer standing, Plaintiff must plead facts that establish some probability that Plaintiff would have a legitimate reason to use the third-party booking sites for some *bona fide* purpose other than purely in the capacity of a tester. Absent factual indicia establishing a legitimate and/or probable future use of a web site, injunctive relief remedies no impending future harm and improperly serves as only an advisory opinion on the hypothetical rights of the parties. In support of her position, Plaintiff cites <u>Marod</u> for the proposition that a "tester" possesses standing irrespective of whether or not she had any legitimate or *bona fide* intent of using the services of the defendant in the past or in the future. *Houston v. Marod*, 733 F.3d 1323, 1332 (11th Cir. 2013). Plaintiff misstates that the Eleventh Circuit held in *Marod* that "held that a plaintiff's motive and intent are entirely irrelevant . . . ." Laufer Memo. at § IV, p. 11. This opportunistically misstates the holding *Marod*, which is that a tester's standing still rests on his ability to show "a real and immediate threat of future injury." *Id.* at 1334. Additionally, Plaintiff argues that the ADA and 28 C.F.R. 26.302 should be construed such that any technical violation thereof necessarily constitutes a "real and immediate" and "concrete and particularized" injury that confers standing for injunctive relief. However, such statutory interpretation would subvert the spirit and intent of well settled case law interpreting the requirements of standing imposed by the "justiciability" doctrine of Article III of the United States Constitution. Such interpretation would violate the longstanding rule that "if an otherwise acceptable construction of a statute would raise serious constitutional problems, and [. . .] an alternative interpretation of the statute is fairly possible, we are obligated to construe the statute to avoid such problems." *Golb v. AG of N.Y.*, 870 F.3d 89, 103 (2d Cir. 2017) (*citing INS v. St. Cyr*, 533 U.S. 289, 300 (2001). Therefore, the Court should decline to adopt any interpretation of the ADA and 28 C.F.R. 26.302 in a manner that effectively dissolves the requirements a "real and

immediate" and "concrete and particularized" threat of future harm as required to form a "justiciable controversy."

### D. PLAINTIFF'S ALLEGED PAST INJURY IS NOT CONCRETE AND PARTICULARIZED, BUT RATHER, IS AT MOST A BARE PROCEDURAL VIOLATION INSUFFICIENT TO ESTABLISH AN INJURY IN FACT.

18. To satisfy the requirement that a plaintiff has suffered a concrete and particularized injury, the plaintiff must demonstrate "facts sufficient to establish that he [or she] has been injured by those violations[.]  It is not enough to merely allege that a violation exists." *Rizzi*, 2019 U.S. Dist. LEXIS 120999, at 12, 16 ("In short, a plaintiff who does not allege a personal encounter with conditions in violation of the ADA has failed to allege a direct injury") (citing *Feltzin v. Triangle Props. #1, LLC*, 2016 U.S. Dist. LEXIS 192861, at 10 (E.D.N.Y. Dec. 15, 2016)). For example, where a plaintiff did not allege that "had he been able to access the Website, he would have traveled to the restaurant for a meal[,]" the court properly dismissed the plaintiff's ADA claim for failing to allege a concrete and particularized injury sufficient to demonstrate standing. *See Walker v. Sam's Oyster House, LLC*, 2018 U.S. Dist. LEXIS 158439, at 8 (E.D. Pa. Sept. 18, 2018).

### E. PLAINTIFF FAILED TO SUFFICIENTLY ALLEGE A REAL AND IMMEDIATE THREAT OF FUTURE INJURY.

19. The requirement that a plaintiff allege a real and immediate threat of future injury obligates a court to consider whether there is a "plausible intention or desire to return to the place but for the barriers to access." *Rizzi*, 2019 U.S. Dist. LEXIS 120999, at *20; *see also Access 4 All, Inc*, 2006 U.S. Dist. LEXIS 96742, at *10 (noting that "speculative 'some day' intentions to return are insufficient").  The Second Circuit in New York has held that "[i]ntent to return is a highly fact-sensitive inquiry that incorporates a range of factors including not only the proximity of the defendant's services, programs, or activities to the plaintiff's home and the frequency of plaintiff's past visits, but also other factors relevant to the calculation of the plaintiff's intent to return such as occupation or demonstrated travel habits." *Rizzi*, 2019 U.S. Dist. LEXIS 120999, at 21 (quoting

*Bernstein v. City of New York*, 621 Fed. Appx. 56, 58-59 (2d Cir. 2015); *see also Van Winkle v. Kings Mall Court LLC*, 2018 U.S. Dist. LEXIS 16395, at 4-5 (N.D.N.Y. Feb. 1, 2018) (Sharpe, J.) ("Given Van Winkle's relative remoteness from Kings Mall, failure to plead the frequency with which he visited Kings Mall, and mere speculation about some day returning to Kings Mall, it is unreasonable to infer that Van Winkle intends to return to the subject location."). Indeed, federal courts have frequently dismissed ADA accessibility claims where the plaintiff has failed to provide factual corroboration for the proposition that her injury is a real and immediate injury. *See Van Winkle*, 2018 U.S. Dist. LEXIS 16395, at 4-5; *Feltzin*, 2016 U.S. Dist. LEXIS 192861, at 8. As in *Laufer v. Laxmi & Sons LLC*, 2020 WL 2200207 (N.D.N.Y. 2020) Laufer again admits that she considers herself an ADA "tester." The court in *Laxmi & Sons* concluded that "[t]here are no facts in the Complaint or Plaintiff's affidavit indicating that she has ever traveled to Rensselaer, New York, or anywhere in New York, or that she has any reason to travel anywhere in New York or any reason to seek lodging anywhere in New York." *Id*. at 4. Similarly, there is no indication that Plaintiff ever intends to travel to Caldwell, Texas, and certainly not in the time of the world-wide COVID-19 pandemic. It bears remembering that this suit was filed *well after* COVID-19 already dissuaded any rational person from looking at purely hypothetical hotel bookings.

20.     Likewise, the cases cited in Plaintiff's brief show that courts look for some link to the use of the goods and services, coupled with some demonstrated intent to visit the venue in question. *See e.g.,* Pl Memo at 8-9, citing *Harty v. Simon Property Group, L.P.*, 428 Fed. Appx. 69, 71 (2nd Cir. 6/29/2011) (court held that "Harty's allegations are sufficient, for pleading purposes, to establish ADA standing based upon a plausible intention *to return to the Nanuet Mall*. The amended complaint alleges that Harty plans to *return both as a patron "to avail himself of the goods and services offered to the public at the property*" and as a tester "to determine whether the

property has been made ADA compliant") (emphasis added); *Access 4 All, Inc. v. Absecon Hospitality Corp.*, 2006 WL 3109966, 1:04-cv-6060 (D.N.J. 2006) (plaintiff was an admitted ADA "tester" and the court denied summary judgment, reasoning that: "because Plaintiff Esposito is a frequent litigant with the stated goal of ensuring ADA compliance, his claim of *intent to return to the [hotel] to do additional examinations* is made more, not less, credible") (emphasis added).

21. To date, Plaintiff has filed over 400 lawsuits in at least nine (9) different states, including more than 115 lawsuits in New York and 25 lawsuits in the Western District of Texas, all of this since October 2019 (less than a year ago). This Court may take judicial notice of the other approximately 400 lawsuits commenced by Plaintiff since October 2019. *See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.,* 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings'"); Federal Rule of Evidence 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

22. To the extent that it is helpful, Defendant can provide the Court with a full list of all such lawsuits filed by Plaintiff, and in this regard, it should be noted that such a list was recently filed in connection with a motion to dismiss filed in the Western District of New York. *See Laufer v. First Street Group LLC*, Case No. 20-cv-00366, at Dkt. No. 4, Ex. B (W.D.N.Y. Apr. 29, 2020). This Court should also consider several cases in which plaintiffs presented themselves as "testers" of websites in ADA cases. *See*, e.g., *Kennedy v. Warrior Air, Inc*., 2019 U.S. Dist. LEXIS 208109, at 11 (S.D. Fla. Dec. 2, 2019) (dismissing an ADA claim where the plaintiff was a "serial litigant with a haphazard approach to ADA testing," and noting that a factfinder would be unlikely to

conclude that "Plaintiff was likely to revisit the defendant's website in that case"); *Mitchell*, 2019 U.S. Dist. LEXIS 34979, at 12 (finding that plaintiff failed to meet his burden of demonstrating standing on a motion to dismiss, noting that plaintiff had "filed multiple other lawsuits in this jurisdiction alone testing the Title III compliance of credit union websites"); *Brother v. Rossmore Tampa L.P.*, 2004 U.S. Dist. LEXIS 28524, at*13 (M.D. Fla. Aug. 19, 2004) (**finding that the plaintiff's professed intent to return to the subject hotel lacked credibility where he brought 70 identical suits, never stayed in the subject hotel, and did not have a future reservation to stay at the hotel**) [emphasis added]. Plaintiff's sole allegation that she intends to return to the websites is also insufficient as a matter of law. Plaintiff states, "In the near future, [she] intends to revisit Defendant's ORS in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or utilize the system to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages and accommodations of the Property." Dkt. No. 1, ¶ 12. Notably, the court in *Kennedy* considered a "boilerplate" allegation nearly identical to the Plaintiff's allegation in this case:

> In the near future, I intend to revisit Defendant's website and/or online reservation system and the third party booking sites in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the websites to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages and accommodations of the Property.

23. In short, there are no material differences between the plaintiffs' allegations in *Kennedy* and Plaintiff's allegations in the instant action, and therefore no reason this Court should not follow the decision in *Kennedy*. *Compare* Dkt. No. 1, ¶ 12 *with Kennedy*, 2019 U.S. Dist. LEXIS 208109, at *8. It is clear from established precedent that merely visiting a website, without any intent to actually utilize the physical public accommodation, where the website itself is usable by a plaintiff, is not a cognizable injury affording standing. In her pleadings, Plaintiff merely contends that she reviewed the website and did not identify any pertinent accessibility information. However, she fails to plead that she was unable to make an adequate reservation or had any

inclination to do the same. Therefore, Plaintiff does not have standing.

## II.     CONCLUSION

Because Plaintiff failed to allege facts sufficient to establish both a concrete and particularized injury and a real and immediate threat of future injury, she lacks standing to pursue her claims, and as such, Defendant respectfully requests that the Court dismiss Plaintiff's suit with prejudice.

Date: September 8, 2020                                             Respectfully submitted,

                                                                    **PATEL PC**

                                                                    */s/ Pimal A. Patel*
                                                                    Pimal A. Patel
                                                                    pimal@patelpc.com
                                                                    Texas Bar No. 24102335
                                                                    7324 Southwest Freeway, Suite 560
                                                                    Houston, Texas 77074
                                                                    Telephone: (713) 893-3637
                                                                    Facsimile: (713) 456-2521
                                                                    **ATTORNEY FOR DEFENDANT**
                                                                    **MANN HOSPITALITY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify, that on September 8, 2020, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas using the electronic filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the following attorney of record:

Phillip Michael Cullen III, Esq.,
621 S. Federal Highway, Suite 4
Ft. Lauderdale, Florida 33301
CULLENIII@aol.com
Telephone: (954) 462-0600
**ATTORNEY FOR PLAINTIFF**
**DEBORAH LAUFER**

                                                                    */s/ Pimal A. Patel*
                                                                    Pimal A. Patel