UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DEBORAH LAUFER,** *Plaintiff,* § § § | |
| **v.** § § | Case No. 1:20-cv-00620-JRN |
| **MANN HOSPITALITY, LLC** *Defendant.* § § § | |

### DEFENDANT'S PROPOSED OPPOSED BILL OF COSTS AND MOTION FOR ATTORNEY'S FEES

TO THE HONORABLE U.S. DISTRICT JUDGE:

**COMES NOW**, Defendant Mann Hospitality, LLC (hereinafter referred to as "Defendant" or "Mann Hospitality"), and respectfully submits its Proposed Bill of Costs. Pursuant to Title 42 U.S.C. § 12205, and the Fifth Circuit decision in *Deutsch v. Jesus Becerra, Inc.,* No. 16-50164 (5th Cir.2016), Defendant is entitled to recover attorney's fees as costs of litigation. Defendant is submitting its bill of costs in accordance with FRCP 54(d)(2)(A) and local rule CV-54. Defendant would show the Court as follows:

### I.   BACKGROUND

1. Ms. Deborah Laufer (hereinafter referred to as "Plaintiff" or "Laufer"), a person with a physical disability and mobility impairments, filed an action against Defendant, for declaratory and injunctive relief, attorneys' fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq*. ("ADA").

2. Defendant obtained a Final Judgment against Plaintiff on October 1, 2020. *See Dkt 16*).

## II.   RELEVANT CASE LAW

3.   Under the ADA statutes, attorney's fees are authorized as costs of litigation, not damages. The Court should award attorney's fees to the prevailing party. "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual." *See* Title 42 USC §12205.

4.   The Supreme Court has upheld attorney's fees as valid costs of litigation that can be awarded to the prevailing party as noted in *Buckhannon v. West Virginia*, 532 U.S. 598 (2001). To be a prevailing party and obtain fees, there must be a judgment on the merits and the attorney's fees must be authorized by statute. A prevailing party is generally a party who succeeds on any significant issue in the litigation and that success provides some benefit that had been sought by the party. *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir.2003). A plaintiff who obtained a permanent injunction is generally considered to be a prevailing party. *Lefemine v. Wideman*, 133 S. Ct. 9 (2012).

5.   When a statute defines 'costs' to include attorney's fees, the fees are not damages. *Marek v. Chesny*, 473 U.S. 1, 9 (1985). In the United States, a prevailing party is not ordinarily entitled to collect attorney's fees from the losing party. *Alyeska Pipeline Serv. V. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Despite the *American Rule*, a prevailing party may be entitled to attorney's fees if the fees are specifically provided for by statute. *Summit Valley Indus. V. Local 112, United Bhd. of Carpenters & Joiners*, 456 U.S. 717, 721 (1982). Statutes do permit the court to award attorney fees to the prevailing party in an ADA case. *See* Title 42 USC §2000e-5(k) and 42 USC §12205.

6.     A party can claim attorney fees in its complaint or by motion. If attorney fees are recoverable as costs of suit, the party does not need to include a demand for them in the complaint. *See* **FRCP 54(d)(2)(A)**. Instead, the party must file a motion requesting them. *Id*. A party must file a motion for attorney fees within 14 days after entry of judgment. *See* **FRCP 54(d)(2)(A)**.

7.     Most claims for attorney's fees are as costs, not damages. *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 200 (1988). A party seeking attorney fees as costs is usually seeking fees for work done during the case. *Rissman v. Rissman,* 229 F.3d 586, 588 (7th Cir.2000).

8.     It is far reaching precedent that the relief available under the Americans with Disabilities Act includes declaratory judgment, injunctive relief, attorney's fees as costs, and costs of litigation. The ADA is considered civil rights litigation. Numerous court decisions support the precedent of the ADA as civil rights litigation with the corresponding relief. The Fifth Circuit notes, "The ADA expressly provides that the remedies, procedures, and rights available under the Rehabilitation Act also apply to the ADA, and thus jurisprudence interpreting either statute is applicable to both. *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000), *cert. denied*, 531 U.S. 959, 121 S.Ct. 384, 148 L.Ed.2d 296 (2000)." *See Frame v. Arlington,* 55 F.3d 432, 435 (5th Cir.2009).

9.     The Supreme Court in *Gorman* notes, "Thus, the remedies for violations of § 202 of the ADA and § 504 of the Rehabilitation Act are coextensive with the remedies available in a private cause of action brought under Title VI of the Civil Rights Act of 1964, 42 U. S. C. § 2000d *et seq.,* which prohibits racial discrimination in federally funded programs and activities." *Barnes v. Gorman,* 536 U.S. 181, 185 (2002). The remedies available under Title VI include: declaratory judgment, injunctive relief, attorney's fees as costs, and costs of litigation.

10. The accompanying civil rights statutes (of which the Americans with Disabilities Act are a part of) authorize attorney's fees as costs. Title 42 USC §12205 reads, "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual." *See* Title 42 USC §12205.

11. In *Gorman,* the Supreme Court ruled that punitive damages are not an available remedy under the ADA. However, Plaintiff in the instant case never requested punitive damages. Plaintiff only requests a declaratory judgment, injunctive relief, attorney's fees as costs, and costs of litigation. If the Court awards injunctive relief, the Plaintiff would also be entitled to attorney's fees.

12. On the issue of attorney's fees and civil rights litigation, the Supreme Court notes, "It follows that one who succeeds in obtaining an injunction under that Title should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust. Because no such circumstances are present here, the District Court on remand should include reasonable counsel fees as part of the costs to be assessed against the respondents." *Newman v. Piggie Park Enterprises,* 390 U.S. 400, 402 (1968). *Newman* is Supreme Court precedent that allows attorney's fees as costs of litigation in civil rights cases.

13. The Fifth Circuit in *Deutsch v. Jesus Becerra, Inc.,* No. 16-50164 (5th Cir.2016) has ruled that the District Court should award attorney's fees in an ADA case, as an ADA case is a type of Civil Rights litigation.

## III.  COSTS

14.     The amount of the claim is a sum certain. The amount due is $8,610.00. The amount is calculated based on the table that follows:

**Attorney's Hours**

| DATE | WORK PERFORMED | ATTORNEY | HOURS |
|---|---|---|---|
| 07/09/2020 | Discussion w/ Client. Review and analyze Original Complaint. Review and Retrieve Case Docket. | Pimal Patel | .8 |
| 07/14/2020 | Phone Discussion w/ Client regarding settlement posture. Phone Discussion w/ P. Cullen. Correspondence to/from P. Cullen. Draft Motion to Extend to Respond. | Pimal Patel | 1.1 |
| 07/14/2020 | Review Settlement Proposal by P. Cullen. Memo to Client Regarding Settlement. Research and Analyze Standing Issues. Retrieve various Court filings in Laufer's cases against similar lodging owner. Discussion w/ Client. | Pimal Patel | 2.1 |
| 08/13/2020 | Research regarding compliance for hotels with the ADA that have been constructed before ADA enactment. Begin skeleton Draft of Motion to Dismiss. | Pimal Patel | .7 |
| 08/17/2020 | Correspondence to/from P. Cullen. Review Proposed Scheduling Order. | Pimal Patel | .2 |
| 08/18/2020 | Phone Discussion w/ P. Cullen. Correspondence to/from P. Cullen. Review DOJ Guidance. Phone Discussion w/ Client. | Pimal Patel | .7 |
| 08/18/2020 | Review case file, original petition, caselaw research, motion to dismiss based on Fed. R. Civ. P. 12(b)(1) and 12(b)(6). | James McMartin | 1.8 |
| 08/19/2020 | Review/Revise Motion to Dismiss. Strategy discussion w/ Client. | Pimal Patel | 2.2 |

| | | | |
|---|---|---|---|
| 08/20/2020 | Finalize Motion to Dismiss and Proposed Order and Prepare Exhibits. Prepare for Filing. | Pimal Patel | 3.7 |
| 08/25/2020 | Review Response to Motion for Leave. | Pimal Patel | .2 |
| 08/26/2020 | Reviewed Docket Entry and Court Order. | Pimal Patel | .1 |
| 09/01/2020 | Review Docket Entry. Analyze Plaintiff's Statement and Memorandum in Opposition to Motion to Dismiss. | Pimal Patel | .5 |
| 09/03/2020 | Research issues regarding in Memorandum In Opposition to Motion to Dismiss. | Pimal Patel | .9 |
| 09/04/2020 | Begin Skeleton Reply to Motion to Dismiss | Pimal Patel | .5 |
| 09/07/2020 | Research and review caselaw supporting Defendant's Response to Memo in Opposition to Motion to Dismiss. | James McMartin | .7 |
| 09/08/2020 | Revise and edit Defendant's Response to Defendant's Memorandum in Opposition of Motion to Dismiss. | James McMartin | 2.8 |
| 09/08/2020 | Review and Finalize Reply to Response to Motion to Dismiss. Prepare for Filing. Phone Discussion w/ Client. | Pimal Patel | .9 |
| 09/30/2020 | Review Docket Entry and Court Order regarding Motion to Dismiss. Phone Discussion w/ Client. Phone Discussion w/ P. Cullen. | Pimal Patel | .5 |
| 10/05/2020 | Review Notice of Appeal and Docket Entry. | Pimal Patel | .1 |
| 10/06/2020 | Correspondence to/from P. Cullen. Review Settlement Proposal and analysis of Fifth Circuit regarding appeal issues purported and raised by P. Cullen. | Pimal Patel | .8 |
| 10/07/2020 | Phone Discussion w/ Client. Correspondence to/from P. Cullen. | Pimal Patel | .9 |
| 10/13/2020 | Draft of Defendant's Proposed Bill of Costs and Motion for Attorneys' Fees | Pimal Patel | 1.4 |

| 10/13/2020 | Draft Proposed Order and Affidavit for Draft of Defendant's Proposed Bill of Costs and Motion for Attorney Fees | Pimal Patel | 1.0 |

### Summary of Expenses

| Total Attorney Fees | 24.6 Attorney Hours multiplied by $350 per hour | $8,610.00 |

15. Defendant's counsel has included an affidavit about the costs as **Exhibit A**.

### IV.   AS APPLIED TO THE INSTANT CASE

16. Defendant has met the requirements to obtain attorney's fees in the instant case. The ADA is designed to allow the award to a prevailing party for reasonable attorney fees. *See* 42 U.S.C. § 12205. A prevailing defendant may not receive fees "unless a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *No Barriers, Inc. v. Brinker Chili's Texas, Inc.*, 262 F.3d 496, 498 (5th Cir. 2001) citing *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

17. Here, Plaintiff filed its suit against Defendant despite failing to establish that she intents to patronize Defendant's business. "Rather it appears that [Plaintiff] and her attorney's sole intent in this litigation is to bully the Defendant into handing over as much money as possible, completely without a relationship with the business." *See* Order on Defendant's Motion to Dismiss (*Dkt 15*).

### V.   CONCLUSION

18. For the preceding reasons, the Defendant requests that the Court issue an order awarding costs of litigation to the Defendant, as allowed by statute, Supreme Court precedent, and Fifth Circuit precedent.

### PRAYER FOR RELIEF

THEREFORE, Mann Hospitality respectfully requests this Court grant the Motion and award Attorney's Fees as part of the Judgment against Plaintiff Deborah Laufer in accordance with the Americans with Disabilities Act, 42 USC §§12181, *et seq.*

Date: October 14, 2020                     Respectfully submitted,

**PATEL PC**
*/s/ Pimal A. Patel*

Pimal A. Patel
pimal@patelpc.com
Texas Bar No. 24102335
7324 Southwest Freeway, Suite 560
Houston, Texas 77074
Telephone: (713) 893-3637
Facsimile: (713) 456-2521
**ATTORNEY FOR DEFENDANT
MANN HOSPITALITY, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify, that on October 14, 2020, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, Austin Division using the electronic filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the following attorney of record:

Phillip Michael Cullen III, Esq.,<br>
621 S. Federal Highway, Suite 4<br>
Ft. Lauderdale, Florida 33301<br>
CULLENIII@aol.com<br>
Telephone: (954) 462-0600<br>
<b>ATTORNEY FOR PLAINTIFF<br>
DEBORAH LAUFER</b>

*/s/ Pimal A. Patel*
Pimal A. Patel

**CERTIFICATE OF CONFERENCE**

I hereby certify, that on October 6, 2020 and October 7, 2020, I conferred with Counsel for Plaintiff regarding the relief requested herein. Plaintiff Counsel has indicated it believes Defendant is not entitled to attorney fees. On October 14, 2020, I attempted to confirm Plaintiff's Counsels opposition to this Motion. As of time of filing, Plaintiff Counsel has yet to confirm its opposition. Based on the October 6, 2020 and October 7, 2020 communications with Plaintiff Counsel, the undersigned assumes Plaintiff is Opposed to the relief requested herein.

*/s/ Pimal A. Patel*
Pimal A. Patel