IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DEBORAH LAUFER,** *Plaintiff* § § § | |
| § § | A-20-CV-00620-JRN |
| -vs- § § | |
| **MANN HOSPITALITY, LLC,** *Defendant* § § § | |

## ORDER

Before the Court in the above-entitled and styled cause of action is Defendant's Motion for Attorney Fees. (Dkt. 20). The Court previously ordered that the case be dismissed for lack of subject matter jurisdiction and that Defendant be granted reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1919. On appeal, the Fifth Circuit affirmed in large part the Court's order but vacated the award of attorneys' fees on the grounds that Section 1919 allows courts to "order the payment of 'just costs' [but not] attorney's fees." *See Laufer v. Mann Hospitality, L.L.C.*, --- F.3d ---, 2021 WL 1657460, at *3 (5th Cir. 2021). However, the Fifth Circuit also noted that it did "not preclude the district court from imposing attorneys' fees on remand under another applicable rule or statute, or under the court's inherent power." *Id.*

In the instant motion, Defendant asks the Court to award attorneys' fees pursuant to 42 U.S.C. § 12205. Section 12205 reads: In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual." 42 U.S.C. § 12205. However, "the Supreme Court [has] established that a prevailing defendant may

not receive attorneys' fees 'unless a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Providence Behav. Health v. Grant Rd. Pub. Util. Dist.*, 902 F.3d 448, 460 (5th Cir. 2018) (citing *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 422 (1978)).

Here, Defendant argues that because it was clear throughout the litigation that Plaintiff did not have standing because she had not suffered a concrete injury in fact, Plaintiffs claims were frivolous, unreasonable and groundless. The Court agrees. However, the Court cannot grant attorneys' fees under § 12205, because that section only allows a court discretion to award attorneys' fees to the prevailing party in an action brought under the ADA. 42 U.S.C. § 12205. Here, the Court has not reached the merits of Plaintiff's ADA claim, but instead determined that she lacks standing, so Defendant is not a "prevailing party" and attorneys' fees under § 12205 are inappropriate. *See Deutsch v. Abijaoude*, No. A-15-CV-975 LY, 2017 WL 913813, at 5 (W.D. Tex. March 7, 2017).

The Court therefore enters the following orders:

**IT IS ORDERED** that Defendant's Motion for Attorney Fees is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant will be awarded its costs, pursuant to the Court's Order entered September 30, 2020.

SIGNED this 4th day of May, 2021.

JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE